**GENERAL ELECTRIC CREDIT CORP. OF ST. CROIX, Plaintiff**

v.

**CYNTHIA CHARLES, Defendant**

S.C. No. 1016A-1973

Municipal Court of the Virgin Islands

Div. of St. Croix

November 9, 1973

MARSH, *Judge*

ORDER

This cause came on for trial in Christiansted, October 26, 1973. Plaintiff appeared through its Resident Manager, Harry Morales. Defendant appeared personally.

After hearing testimony and being not fully satisfied that plaintiff's claim is valid, the court took this matter

under consideration. Having now made further examination of the law involved and it appearing therefrom that plaintiff may be in violation of 11 V.I.C. 951 et seq. or 9 V.I.C. 181 et seq., or both, it is, upon consideration,

ORDERED that this cause be, and the same is reopened for further proceedings to be conducted in open court in Christiansted on Friday, November 9, 1973 at 10:00 o'clock A.M., and that both parties appear, and have with them, then and there all documents in their possession relating to the loan in question.

Plaintiff is ordered to produce, at such time, the following documents for examination by the court.

1. Evidence of its corporate existence under the laws of the Virgin Islands or authority to conduct business in the Virgin Islands as a corporation.

2. Evidence, if any, of its authority to conduct a small loan business in the Virgin Islands under provisions Title 9, V.I.C. Chapter 15.

3. All documents pertaining to the obligation of the defendant, including the contract, pledge of security, notice of security interests, copies of receipts for payments and truth in lending statement.

IT IS FURTHER ORDERED that, since final disposition of this cause may adversely affect the present and future interests of plaintiff and may involve penalties, that plaintiff may be represented by counsel if it so desires.

Defendant is also granted the right to be represented by counsel and, in the event employment of an attorney is beyond her financial capability, defendant is referred to Legal Services, #6 Company Street, Christiansted.

Copies of this order will be mailed, delivered or served upon plaintiff, #2 Hospital Street, to defendant, Paradise Project, Building 24, Apt. 223, and to Legal Services.

Done and ordered at Christiansted this October 30, 1973.

## SUPPLEMENTAL ORDER AND FINAL JUDGMENT

This cause came on for further hearing in Christiansted on November 9, 1973.

Plaintiff appeared through Mr. Frank J. Gleason, Vice President of its parent company, General Electric Credit Corp. of Puerto Rico. Defendant did not appear.

In response to the commands of the previous order, plaintiff offered a copy of its license to operate a sales finance business in the Virgin Islands which was received as plaintiff's exhibit #1.

Plaintiff also, in compliance with the order, offered the conditional sales contract involved in this action, which was received as plaintiff's exhibit #2.

Mr. Gleason represented to the court that plaintiff is not licensed to conduct a small loan business in the Virgin Islands as provided in Title 9, V.I.C. Chapter 15.

Examination of plaintiff's exhibit #2 reflects that on June 10, 1972, defendant purchased certain furniture and appliances from Puerto Rico Furniture, at a price of $610.00, and signed the conditional sale contract which provides for 18 monthly installment payments of $33.57.

The contract further reflects a down payment of $135.00, leaving a balance of $475.00. To this are added a filing charge of $2.00 and a finance charge of $127.26 bringing the total amount due to $604.26. The total of the cash price and finance charges of $739.26 is referred to as the "Deferred Payment Price". The purchase price of $610.00 is called the "Cash Price". The annual rate of interest is shown as 31.76%.

Mr. Gleason advised that this contract was assigned by Puerto Rico Furniture to plaintiff immediately after execution. This is, I believe, recited on the original of the contract which was permitted to be withdrawn upon substitution of the copy received.

The interest charges imposed by this contract violate both the usury law, 11 V.I.C., Chapter 15, and the small loan law, 9 V.I.C., Chapter 15, subchapter I, and under provisions of 9 V.I.C. 182(c), the contract is illegal, unenforceable and void.

It is accordingly the judgment of the court that the complaint be, and the same is dismissed with costs taxed against plaintiff.

It is further ordered that this court retain jurisdiction of this cause, the parties hereto and subject matter hereof for the purpose of receiving, entertaining and disposing of such claim as defendant may assert, within a reasonable time, not to exceed three months, to enforce the penalty provisions provided in 11 V.I.C. 953 and 954, and in 9 V.I.C. 182.