**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of PEOPLES BANK OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**DARRYL W. WALCOTT and JAMES CHRISTIAN, a/k/a JOSEPH CHRISTIAN, Defendants**

Civil No. 4/1977

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

February 27, 1978

JEAN–ROBERT ALFRED, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION AND ORDER

There has been presented to the Clerk of the Court for entry of judgment by default, pursuant to Rule 48(a)(1) of the Rules of the Territorial Court of the Virgin Islands, a series of cases, all involving precisely the same form of promissory note, based upon precisely the same type of loan, and raising the very same issue of usury. Because of the importance of the issue raised, this Court has, sua sponte, removed the case sub judice from the able hands of the Clerk of the Court and has undertaken to write this opinion.

Since portions of the Plaintiff's claim will be disallowed, because this Court has concluded that the subject transaction was usurious, a complete factual setting must be developed.

On or about January 17, 1972, Peoples Bank of the Virgin Islands consummated a loan transaction with Defendant Darryl W. Walcott. In accordance with its usual banking practice, Peoples required a second signatory to the note, and to comply with this requirement, Defendant James Christian a/k/a Joseph Christian endorsed the note. There is no doubt that although Christian executed the note as an endorser, he was considered by Peoples to be a co-maker, as is evidenced by the typewritten statement in the body of the note, to wit: "Co-maker: James Christian" (sic). The note was in the face amount of $1,616.40, which sum was to be repaid in eleven equal monthly installments of $135.00 and a twelfth and final installment of $131.40. The first payment was to be made on February 25, 1972, and thereafter on the same day of each succeeding month until paid in full. The actual amount of money received by Walcott was $1,500.00, and interest in the amount of $116.40 was added on to equal the face amount of the note.

Walcott made several regular payments on or before the specified installment dates, and then ceased making payments for over two years, thereafter making one partial monthly installment payment in 1974, and six additional partial monthly installment payments in 1977, having repaid to Peoples the total sum of $825.00.

On January 4, 1977, Walcott having failed to make the payments as required by the terms of the promissory note, Federal Deposit Insurance Corporation, as receiver of Peoples Bank of the Virgin Islands (Peoples having become insolvent and having been taken over by FDIC in the interim) instituted suit against both Walcott and Christian. Both Defendants were served with summons and complaint and, thereafter, on March 4, 1977, FDIC filed a Stipulation Agreement with the Court, signed by both Defendants. This stipulation was not approved by the Court because it failed to provide for any obligation to be fulfilled by Christian (the Court laboring under the belief that this was an inadvertent oversight on the part of counsel), although upon a failure of compliance with its terms by Walcott, called for the entry of judgment.

Instead, the Court called this to the attention of counsel for FDIC, who, on April 4, 1977, filed an amended stipulation and agreement with the Court, providing for the entry of judgment against both defendants, in the event of a default in the installment payments therein agreed to be made. This stipulation, which purported to fix and determine the principal indebtedness, interest, accruing interest, late charges, and court costs, and further purported to provide for the payment of reasonable attorney's fees by the defendants, was approved by the Court and entered as an Order on April 4, 1977.

Unfortunately, Defendants again defaulted in payment, and FDIC moved for entry of judgment by default by the Clerk as aforesaid. In support of that motion, an "Affidavit

in Support of Motion for Default Judgment," executed by the Liquidator-at-Large for FDIC was also filed. It failed to set forth sufficient information to permit the calculation of the rate of interest which had been charged (the note having made no reference to the rate of interest charged), and the Court thereupon requested a supplemental affidavit which would contain sufficient information to permit such calculation.

This request was made because the note, on its face, appeared to have provided for "add-on" interest which, if so, clearly constituted an usurious interest charge. Thereafter, an "Amended Affidavit in Support of Motion for Default Judgment" was filed on August 2, 1977, and a "Second Amended Affidavit in Support of Motion for Default Judgment" was filed on October 7, 1977. The appropriate information still not having been supplied, a "Third Amended Affidavit in Support of Motion for Default Judgment" supplying the required information was requested by the Court, and was finally filed on December 22, 1977. The Court's suspicion of an usurious interest charge was confirmed by the contents of this affidavit.

The operative facts to determine the rate of interest are as follows:

1. The actual amount of cash received by borrower was $1,500.00.

2. The face amount of the note was $1,616.40.

3. The total amount of interest charged was $116.40.

4. Eleven monthly installment payments were to be made at the rate of $135.00, and one installment payment was to be made at the rate of $131.40, for a total term of 12 months.

Simple interest, at the rate of 12 percent per annum, charged over a period of 12 months, on the unpaid balance would have equalled only $99.36. At the rate of 14 per-

cent, simple interest, using the same computation, would have amounted to $116.28.[1]

As we have now seen, the simple interest rate charged in this case is clearly 14 percent, a percentage in excess of that permitted by 11 V.I.C. § 951 (as amended),[2] and is usurious unless exempted from the provisions of that section, or expressly permitted by the provisions of some superseding statute.

■ The first matter with which the Court deals is the approval and entry as an order of the amended stipulation and agreement entered on April 4, 1977. Because of the fact that there was insufficient data before the Court at that time from which to recognize the existence of usury, the approval of that stipulation did not constitute a judicial determination of its legality, and this Court now holds that the rights and liabilities accruing to the parties as a result of the execution of the original promissory note on January 17, 1972, were not affected.

■ Furthermore, no novation was effected since no novation was intended by the parties. There was, rather, at best, an intention by the parties to establish only a new schedule of payments, which if followed, would prohibit plaintiff from entering judgment. The basis of the action, and the request for entry of judgment was still the execution of the original promissory note and the default in the payment thereof.

---

[1] The slight difference between the $116.28 interest figure here set forth and the $116.40 interest figure established in the note derives from the fact that the first payment was not due for one month and 8 days after the date of the note.

[2] "11 V.I.C. § 951(a) . . . (b) interest at a rate not exceeding 12 per centum per annum may be charged on contracts by express agreement of the parties. . . ." See Acts No. 3049, approved 5/28/71, Sess. Laws 1971, p. 177 (the act in force on the date of execution of the note); No. 3229, approved 7/3/72, Sess. Laws 1972, p. 147; No. 3449, approved 6/26/73, Sess. Laws 1973, p. 118; No. 3587, approved 7/1/74, Sess. Laws 1974, p. 132; No. 3706, approved 6/30/75, Sess. Laws 1975, p. 42; and No. 3837, approved 7/1/76, Sess. Laws 1976, p. 98.

Because of the fact that the amount of the loan in question was $1,500.00, this Court looked to Subchapter 1 of Chapter 15 of Title 9 of the Virgin Islands Code dealing with small loans to determine whether an exemption from the usury statute existed.[3]

An examination of the Legislative history of the enactment of Chapter 15 aforesaid is not particularly enlightening. However, one thing is certain. The Legislature, by the adoption of Act No. 2127, approved March 29, 1968, repealed in its entirety all of the former Title 9 of the Virgin Islands Code entitled, "Banking," and in its place and stead adopted a new Title 9 entitled, "Banking," which, in Chapters 1 through 13 dealt with the general control and operation of banks and trust companies, in Chapter 15 provided for regulation of small loans (Subchapter 1) and pawn brokers (Subchapter 2), in Chapter 17 required disclosure of finance charges, and, finally, in Chapter 19 provided for the regulation of savings and loan associations both domestic (Subchapter 1) and foreign (Subchapter 2).[4] This constituted a sweeping revision of the entire banking law, substituting entirely new requirements for those previously established.

■ In the course of enacting Act No. 2127, the Legislature provided, in Section 182 of the new Title 9, dealing with small loans, the following:

§ 182. *Scope; exemptions; penalty*

(a) . . .

(b) *This subchapter shall not apply to any person* lawfully *engaged in business* as *permitted by the laws of this territory* or of the United States *relative to banks,* trust companies, insurance companies, savings or building and loan associations, credit unions or pawn brokers *or to loans made by them,* nor shall this sub-

---

[3] Cf. 9 V.I.C. § 183, establishing express interest rates in excess of 12 percent for small loans.

[4] No Chapters numbered 14, 16, or 18 were contained in Act No. 2127, Session Laws 1968, Page 289.

chapter apply to any person engaged solely in the business of making loans for educational purposes or to the loans made by such persons.

(c) ...

(Emphasis added.)

It was clearly the intention of the Legislature in enacting this piece of legislation to control businesses commonly known as finance companies, rather than banks. Any reading of 9 V.I.C. § 182(b) in a fashion contrary to this would be to disregard totally the clear, unambiguous language of this exclusionary section, and further totally to ignore the express regulation of savings and loan associations and the conduct of other consumer-type transactions normally dealt with by businesses or institutions such as pawn brokers or consumer sales companies.

■ There being no application of Subchapter 1, Chapter 15, Title 9 to banks or trust companies, the general usury statutes contained in Chapter 15 of Title 11 of the Virgin Islands Code must be applied. It is at this point that this opinion addresses the critical requirements with which the Court must comply. 11 V.I.C. § 954 provides as follows:

If it is ascertained in any action brought on any contract, that a rate of interest has been contracted for greater than is authorized by this chapter, whether directly or indirectly, in money, property, or other valuable thing, or that any gift or donation of money, property, or other valuable thing has been made or promised to be made to a lender or creditor, or to any person for him, the design of which is to obtain for money loaned or for debts due or to become due, a rate of interest greater than that specified by the provisions of this chapter, the same shall be usurious and shall work a forfeiture of the entire interest on the debt. *The court before which such action is prosecuted shall render judgment for the amount due on the sum loaned or the debt contracted, without interest, against the defendant, and for the costs of the*

511

*action, against the plaintiff, whether such action is contested or not.* (Emphasis added.)

Accordingly, having determined that the interest charged by FDIC exceeded that allowed by law, and was usurious as defined by 11 V.I.C. § 951, subparagraph (b) as amended, this Court is obliged to apply the forfeiture provisions of 11 V.I.C. § 954 set forth, supra. All interest on the entire debt must, by operation of law, be forfeited, and this Court may enter judgment only for the amount due on the sum loaned, with costs against the plaintiff, notwithstanding the lack of contest on the part of the Defendants.

The original sum loaned was $1,500.00, of which $825.00 has been repaid, leaving a balance due of $675.00. Late charges may not be awarded because they, too, by the language of the note, were deemed by Peoples and FDIC as its successor, to be in the nature of interest. The appropriate clause relating to late charges,[5] in using the language, "payable at the highest rate and on the earliest date permitted by law," evidences the interest nature of this charge.

Lest it be argued that the usury defense is not available to the Defendant Christian, who executed the subject note as an endorser, although clearly considered by Peoples to have been a co-maker, this Court adopts, for the purposes of this opinion, the rationale contained in the dictum of Judge Young in First National City Bank, etc. v. Burton M. Saks Construction Corp., et al., 12 V.I. 499 (D.C.V.I. 1976) at 506, 507,[6] rendering such defense, in these circumstances, available to endorser.

---

[5] "Upon the failure of the undersigned to pay any installment due hereunder on the respective due date thereof, a delinquency charge shall be due and payable at the highest rate and on the earliest date permitted by law."

[6] While Saks deals with a guarantee of a corporate obligation, there is no reason to render inapplicable to this case the language of Judge Heebe in Meadowbrook National Bank v. Recile, 302 F.Supp. 62, recited at length in the dictum of Judge Young at page 507.

No justification exists for a disregard of the statutory mandate of 11 V.I.C. § 954, and, accordingly, judgment will enter in strict accord therewith. Section 954, aforesaid, expressly provides for the award of "the costs of the action *against* the plaintiff, . . . " (emphasis added), and this, of necessity, dictates that Plaintiff may not recover costs or attorney's fees which, by 5 V.I.C. § 541(a)(6), constitute a part of costs.

## ORDER

In accordance with the foregoing Memorandum Opinion, the Court being otherwise fully advised in the premises; it is

ORDERED, ADJUDGED AND DECREED that Judgment be and it hereby is entered in favor of Plaintiff and against the Defendants, jointly and severally, in the sum of $675.00, with interest to accrue thereon at the rate of 9% per annum from the date of entry of this judgment, but without costs or attorney's fees.

Done at Christiansted, St. Croix, this 27th day of February, 1978.