Sybil O'NEIL

v.

**FOUR STATES BUILDERS AND REMODELERS, INC.**

Civ. A. No. 78-3084.

United States District Court, E. D. Pennsylvania.

July 24, 1979.

Henry J. Sommer, Community Legal Services, Philadelphia, Pa., for plaintiff.

M. Patricia Becket, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

Plaintiff alleges that defendant Four States Builders and Remodelers violated the Truth In Lending Act, 15 U.S.C.A. § 1601 et seq., by making false and incomplete disclo-sures in connection with a home improve-ment contract. Defendant, in its answer to the complaint, admits that in the ordinary course of business it regularly arranges for the extension of financing for its customers, rendering it a "creditor" under the Truth In Lending Act. 12 C.F.R. § 226.2(s). At this time, plaintiff has moved for summary judgment. Upon consideration of plain-tiff's motion, the Court has determined that there is no genuine dispute as to whether a violation has occurred and that plaintiff is entitled to judgment as a matter of law.

The Truth In Lending Act (TILA) re-quires creditors to make certain specified disclosures in connection with consumer credit transactions of the type involved in this case. By enacting this legislation, Con-gress sought to "assure a meaningful disclo-sure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C.A. § 1601(a).

Although defendant's brief in opposition to the motion is somewhat confusing, it appears to advance two arguments, both aimed at relieving defendant from its obli-gations under the Act, rather than defend against the specific allegations of TILA vio-lations. First, defendant contends that it never entered into the transaction contem-plated by the parties, since no mortgage on plaintiff's property was secured and the contract could not be assigned to First Pennsylvania Bank as the parties had in-tended. Alternatively, it asserts that if the parties had entered into a contract, defend-ant had a right to rescind the contract since it alleges that Sybil and Alston O'Neil made a material misrepresentation in connection with it. Having the right to rescind, de-fendant maintains that it exercised it, ex-tinguishing *retroactively* any obligation im-posed by the TILA.

■ As to defendant's first argument, defendant must be held to have entered into a consumer credit transaction with

plaintiff. In its answer, defendant admits having done so on September 20, 1977, and admissions in the pleadings are deemed conclusive. *Giles v. St. Paul Fire & Marine Insurance Co.*, 405 F.Supp. 719 (N.D.Ala. 1975); *Hall v. United States*, 314 F.Supp. 1135 (N.D.Cal.1970).

▉ With regard to defendant's second contention, the Court need not address the questions of whether defendant had a valid reason for rescinding the contract and whether it actually effectuated this rescission, because even if defendant legally rescinded the agreement, it would not escape the TILA duties. A valid rescission of a "credit sale" contract does not render inoperative the disclosure requirements of the Act, as the creditor's obligation to make specific disclosures arises prior to the consummation of the transaction. 12 C.F.R. § 226.8(a). The time of consummation is defined in § 226.2(kk) as "the time a contractual relationship is created between a creditor and a customer . . . irrespective of the time of performance of either party." Here, a contractual relationship was created between the parties when they signed the Home Improvement Installment Contract document which states that defendant agrees to sell and plaintiff agrees to buy certain goods and services. Therefore, before the signing of the agreement, defendant was obligated to make the TILA disclosures.

Finding defendant's objections to plaintiff's motion without merit, the Court must determine whether the defendant fulfilled the duties imposed by the Act.

▉ O'Neil contends that defendant violated 15 U.S.C. § 1635 and 12 C.F.R. § 226.9. Section 1635(a) provides that in a consumer credit transaction involving a security interest in an obligor's home, the obligor has a right to rescind the transaction within a specified period; the statute also imposes a duty to disclose this right of rescission to the consumer. 12 C.F.R. § 226.9(b) specifies the type of notice required; the creditor must furnish the obligor with two copies of the following notice:

Notice to customer required by Federal law:

You have entered into a transaction on _____ (date) which may result in a lien, mortgage, or other security interest on your home. You have a legal right under Federal law to cancel this transaction, if you desire to do so, without any penalty or obligation within 3 business days from the above date or any later date on which all · material disclosures required under the Truth in Lending Act have been given to you. If you so cancel the transaction, any lien, mortgage or other security interest on your home arising from this transaction is automatically void. You are also entitled to receive a refund of any downpayment or other consideration if you cancel. If you decide to cancel this transaction, you may do so by notifying _____ (name of creditor) at (Address of creditor's place of business) by mail or telegram sent not later than midnight of _____ (date). You may also use any other form of written notice identifying the transaction if it is delivered to the above address not later than that time. This notice may be used for that purpose by dating and signing below.

I hereby cancel this transaction.

_____
(Date)

_____
(Customer's signature)

The notice must also include the entire paragraph (d) of § 226.9 which states:

*Effect of rescission.* When a customer exercises his right to rescind under paragraph (a) of this section, he is not liable for any finance or other charge, and any security interest becomes void upon such a rescission. Within 10 days after receipt of a notice of rescission, the creditor shall return to the customer any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the customer, the customer may retain pos-

session of it. Upon the performance of the creditor's obligations under this section, the customer shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the customer shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the customer, at the option of the customer. If the creditor does not take possession of the property within 10 days after the tender by the customer, ownership of the property vests in the customer without obligation on his part to pay for it.

In this case, the contract provided for confession of judgment. 12 C.F.R. § 226.202(c) specifically provides that a confession of judgment clause is a security interest and therefore a rescission notice in conformance with § 226.9(b) was required.

■ Four States alleges that the O'Neils received and signed two copies of a rescission notice which is in compliance with 12 C.F.R. § 226.9, and is attached as Exhibit "C" to its answer to the complaint. But this notice of rescission fails to fulfill the TILA requirements, for it does not set forth paragraph (d) of § 226.9. The Court notes that defendant's rescission notice directs the buyer to "See reverse side for important information about your right of rescission"; however, no additional matter was filed by defendant as part of Exhibit "C" which would indicate that the § 226.9(d) provision was set forth on the opposite side of this notice. The Court is therefore compelled to find a violation of the TILA.

But even if the rescission notice attached as Exhibit "C" to the answer met the TILA's requirements, it would still, in connection with notifying plaintiff of her rescission rights, be found to have violated the Act.

■ Defendant admits that O'Neil received another notice of rescission as part of the Home Improvement Installment Contract document. The notice provided on this document fails to meet the requirements of the regulations in several respects. It states that the rescission period expires in three business days; § 226.9(b) requires that the notice state that the period for rescission is three business days from the transaction date *or* any later date on which all material disclosures required by the Act have been made. With regard to the return of property, the notice given in the Home Improvement Installment Contract provides that the customer "must make available to the seller . . . any goods delivered to [the buyer] under this contract or sale"; § 226.9(d) conditions this tender on the creditor first performing the obligations imposed by § 226.9. Finally, the notice of rescission states that the creditor has twenty days to take possession of the property, while § 226.9(d) allows only ten days.

12 C.F.R. § 226.6(c) sets forth specific rules concerning the disclosure of information which is in addition to that required by the TILA. Such information may be included so long as it is not "stated, utilized, or placed so as to mislead or confuse the customer or lessee or *contradict*, obscure, or detract attention from the information required by this part to be disclosed." *Id.* (emphasis added). The disclosures made by defendant in this notice of rescission obviously contradict and obscure the terms of the other rescission notice which, in part, conforms with the requirements of 12 C.F.R. § 226.9 and therefore violate the Act.[1]

■ Additional charges of TILA violations are made by plaintiff. She alleges that in connection with insurance, defendant failed to comply with 12 C.F.R. § 226.4 and that defendant failed to clearly disclose

---

1. Section 226.6(c) establishes a special procedure for making disclosures pursuant to State law which are inconsistent with the requirements of the TILA. Four States has not alleged that the disclosures made in the Home Improvement Installment Contract were made pursuant to State law and the Court has no basis to determine whether these disclosures are required by State law. Even assuming Pennsylvania law requires the disclosures discussed above, defendant has failed to adhere to the § 226.6(c) requirements and therefore the inconsistent disclosures were made in violation of the TILA.

the creditor's identity and that this violated the Act. The validity of these allegations need not be determined since the finding of even one "technical" violation of the Act requires the imposition of liability under 15 U.S.C.A. § 1640. *Gennuso v. Commercial Bank and Trust Co.*, 566 F.2d 437, 443 (3d Cir. 1977).

15 U.S.C.A. § 1640(a) provides that any creditor who fails to comply with the Act is liable to the customer for twice the amount of the finance charge in connection with the transaction, with a maximum liability of $1,000. As the finance charge in this case was $1,237.87, defendant, Four States is liable for the maximum statutory amount.