# WALTER FEDDERSON CONSTRUCTION, INC., Plaintiff
## v.
## HENRY T. MILLER, Defendant

Civil No. 457/1980

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

October 27, 1980

HODGE, *Judge*

## MEMORANDUM

This matter is before the court on motion by the defendant for an award of costs and attorney's fees. The defendant initially retained counsel, George M. Miller, Esq., who prepared the pleadings and commenced discovery on his behalf, but because of a dispute concerning fees, the defendant terminated those services. Thereafter the defendant conducted the litigation pro se until commencement of the jury trial, at which time the court appointed Legal Services of the Virgin Islands, a publicly-funded agency that provides civil legal services for certain qualified indigent persons, to assist him. For the following reasons the defendant, the prevailing party, will be awarded a contribution towards his costs and attorney's fees.

## COSTS

The defendant has requested indemnification from the plaintiff for court costs totalling $2,250.00. The court finds this sum to be exhorbitant and, therefore, certain costs will be disallowed. These costs include $1,670.00 for fees for three witnesses, and $410.00 for photographic work. Before these expenditures were incurred by the defendant, he should have given prior notice and should have obtained prior approval by the court as to their necessity and reasonableness, or failing this, at least he should have presented some evidence as to the reasonableness of such costs. See, 5 V.I.C. § 541(a) and Quetel v. Querrard, 6 V.I. 214 (1968). Since neither notice, approval, nor reasonableness has been established, these costs totalling $2,080.00 will be disallowed.

The other costs that the defendant desires to have taxed against the plaintiff are $30.00 for subpoena fees, $125.00 for xerox, transportation, window exhibit, etc., and $15.00 for one Public Works Inspection Report. Recovery of these costs totalling $170.00 will be granted.

## ATTORNEY'S FEES

■■ Section 541(b) of Title 5 of the V.I. Code authorizes the court in its discretion to award an attorney's fee contribution to indemnify the prevailing party for a fair and reasonable portion of his attorney's fees incurred in the prosecution or defense of an action. The attorney's fee contribution must be consistent with the criteria set forth in Lindy Bros. Bldrs., Inc., of Phila. v. American R. & S. San. Corp., 487 F.2d 161 (3d Cir. 1973). The criteria listed by the court are (1) the hours spent by the attorney and (2) the value of those services based on a reasonable hourly rate. Once an amount has been arrived at based on these two criteria, that amount should be adjusted upwards or downwards based on the more subjective factors of (1) the contingent nature of success and (2) the quality of the attorney's work considering the complexity and novelty of the issues presented, the quality of the work that the judge has been able to observe and the amount of the recovery. In applying these standards the court finds that the claim for attorney's fees in the sum of $2,885.00 (retained counsel $885.00; appointed counsel $2,000.00) is also excessive and must therefore be reduced.

■ The defendant's affidavit shows that $885.00 was incurred as a result of representation by his retained counsel. The record indicates that the attorney's fee was incurred during the early stages of litigation. No attorney's affidavit has been submitted and it could therefore be summarily denied. Nevertheless, the court will examine its reasonableness using the criteria announced in Lindy Bros., supra. The record indicates that retained counsel billed defendant for 58¾ hours of work at a rate of $60.00 per hour for a total of $3,525.00 of which defendant has paid $1,180, representing 19½ hours of work. Since the services rendered thus far has been limited to consultation, preparation of responsive pleadings and initiation of discovery, the court finds that the 19½ hours for which defendant has paid are excessive. The court will therefore reduce the claimed number of hours by approximately one-half and allow 10 hours of work. The court also finds that a more reasonable hourly rate would be $50.00 per hour instead of the $60.00 per hour at which defendant was billed. This results in a total fee of $500. In considering

whether this amount should be adjusted to take into account the contingent nature of success and the quality of the attorney's work, the court finds that the probability of success in this case was reasonably high, that no novel or difficult questions were presented and that considering the amount recovered the benefit to the defendant was not substantial. The court will therefore make no adjustment to the $500.00 which it allows as a contribution towards the retained attorney's fees.

■ In considering the claim for attorney's fees by appointed counsel from Legal Services of the Virgin Islands, the general rule in this jurisdiction is that a court may award legal fees when appropriate to indemnify a prevailing party, even where that party has incurred no fees as a result of representation by a public interest law firm such as the Legal Services Corporation. 5 V.I.C. § 541(b) and see, Rodriguez v. Taylor, 569 F.2d 1231 (3d Cir. 1977). However, counsel must provide the court with sufficient relevant information that must be considered before awarding counsel fees under the guidelines of Lindy Bros. Bldrs., Inc., supra.

■ In his affidavit defense counsel states that he spent "approximately 76 hours" working on this case, at $50.00 per hour. Despite repeated requests from the court he has failed to justify his proposed fee of $3,800.00 with a supplemental affidavit. Instead, he merely rounds the claimed fee to $2,000. To support an award of fees his affidavit must itemize the dates, hours, nature of work and services, and identify the personnel that performed attorney services on behalf of the defendant. Counsel has not provided such information to the court.

■ The court moreover finds another important reason to deny a contribution towards appointed counsel's fees. Defendant, from the time that his retained counsel withdrew to the time of the jury trial, represented himself *pro se*. Defendant was quite willing to continue to represent himself *pro se* even during trial. However, the court, believing that he would be unable to represent himself effectively before a jury, and wishing an orderly trial, appointed Legal Services to represent him, with the consent of the plaintiff. In making the appointment the court was mindful of the fact that it contributes funds to Legal Services from its annual budget to cover such exigencies.[1] Therefore, Legal Services has already been compensated for any expenses it may have incurred in representing this

[1] See Act No. 4360, Bill No. 13-0363 as amended by Act No. 4370, Bill No. 13-0373.

137

defendant, and the losing litigant should not be taxed for an expense incurred by the court for its convenience and for which the court has already made adequate monetary provision. Accordingly, since the court finds no supportable basis for awarding a contribution towards the fees of appointed counsel, that request will be denied.

## ORDER

In accordance with the foregoing Memorandum, it is hereby

ORDERED that the defendant recover from the plaintiff court costs in the sum of $170.00 and an attorney's fee contribution in the sum of $500.00, a total of $670.00.