## ISLAND FINANCE OF THE VIRGIN ISLANDS, Plaintiff

v.

## JAIME FRETT and JAMES DOWE, Defendants

Civil Nos. 388/1979, 1191/1981

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

August 21, 1984

G. Luz A. James, Esq., Christiansted, St. Croix, V.I., *for plaintiff*

Manuel Thillet, Esq. (Legal Services of the Virgin Islands), St. Thomas, V.I., *for defendant James Dowe*

Jaime Frett (Savan Community Assistance Program), St. Thomas, V.I., *pro se*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION

These cases are before the court to determine the appropriate measure of damages and sanctions to be imposed against the plaintiff, Island Finance of the Virgin Islands (Island Finance), for making a loan that violates local and federal law.[1] The court concludes that the Virgin Islands Small Loan Law, 9 V.I.C. § 181 et seq. (1982), and the Federal Truth-in-Lending Act, 15 U.S.C. § 1601 et seq. (1970), apply to this matter, and that the Virgin Islands Usury Law, 11 V.I.C. § 951 et seq. (1982), is not applicable.

### I.

The undisputed facts are that Island Finance and the defendant Jaime Frett on November 15, 1978 entered into a loan agreement. The co-defendant James Dowe was the co-maker of a note that was signed the same day. The face amount of the note was $1,900.00, of which the principal was $1,500.00, and the interest was $408.00. Each defendant was charged $32.44 for the purchase of credit life insurance. The note was to be repaid in twenty-four monthly pay-

---

[1] These two actions have had a tortured history. Island Finance on June 19, 1979 filed Civil No. 388/79. An answer and counterclaim were filed on behalf of the defendant James Dowe and a default judgment was entered as to the defendant Jaime Frett. In spite of the pendency of Civil No. 388/79, a new complaint, alleging identical claims, was filed on December 22, 1981, and another answer and counterclaim were filed by defendant Dowe. Both actions have been consolidated.

ments of $79.50, and the actual amount received by Dowe was $1,467.56, or $1,908.00 minus the $408 interest charge and $32.44 for credit life insurance. The annual percentage rate of the finance charge was calculated by Island Finance to be 27.25 percent.[2] At no time, however, did Island Finance disclose the date the finance charge began to accrue and it also failed to disclose the finance charge as an annual percentage rate.

A default judgment was entered against the defendant Frett, who never appeared or filed a responsive pleading. The defendant Dowe moved for a summary judgment on his counterclaim seeking a declaration that the loan was illegal and an award of damages under the Virgin Islands Usury and Small Loan laws as well as the Federal Truth-in-Lending Act. Island Finance was ordered to file any opposition it had, but submitted nothing to assist the court or to contravene the assertions of Dowe. Consequently, summary judgment was granted to Dowe. The parties then were directed to submit memoranda addressing the question of damages. Dowe submitted a memorandum and a supplemental memorandum, but Island Finance again filed nothing in response to the court's order relating to the issue of damages.[3]

## II.

Dowe, as a co-maker of the note, takes the position that although the maker Jaime Frett never paid one cent on the loan that he, Dowe, not only is entitled to damages and penalties against Island Finance, but that Island Finance is not even entitled to collect on the basic loan. Initially, therefore, the court is required to determine which act applies to this transaction—the Small Loan Law or the Usury Law or both.

## A.

Since the value of the loan excluding charges did not exceed $1,500, the loan comes within the terms of the Virgin Islands Small

---

[2] Defendant Dowe contends the annual interest charge was 27.58 percent, and Island Finance never denied a request for admissions that the annual interest rate was 27.58 percent. Island Finance in its answers to interrogatories took the position that the annual finance charge was 27.25 percent, which was based on a table from Carleton Financial Computation's Inc. Regardless, the court calculates that the $408 in interest is in compliance with that authorized by the Small Loan Law at the time the loan was contracted. See infra, pp. 153–54.

[3] At a hearing on January 10, 1984, after the parties agreed to the uncontested facts, the court orally ruled in favor of the defendant Dowe. It now reduces its reasoning to writing at the request of the parties.

Loan Law and 9 V.I.C. § 182 (1982).[4] In F.D.I.C. v. Walcott, 14 V.I. 504, 511 (Terr. Ct. 1979), the court concluded that the plain meaning of the law and § 182(b) "was to control businesses commonly known as finance companies, rather than banks."

■ Here, Island Finance conceded that the Small Loan Law was applicable to its loan to the defendants. In fact, the note recognizes the applicability of the Small Loan Law by stating "the payee is licensed . . . to make loans pursuant to the Virgin Islands Small Loan Law." Consequently, the court holds that the Small Loan Law applies to this transaction.

■ Having found the Small Loan Law applicable to the loan in question, the court must find that the $408.00 in interest that was charged over two years by Island Finance is permissible under 9 V.I.C. § 183(a).[5] The loan, however, is in violation of the Small Loan

---

[4] § 182. Scope; exemptions; penalty

(a) No person shall, without first obtaining a license from the Banking Board as hereinafter provided, engage in the business of making loans in amounts of $1,500 or less, and contract for, exact or receive, directly or indirectly, in connection with any such loan any charges, whether for interest, compensation, brokerage, endorsement fees, consideration, expense or otherwise, which in the aggregate are greater than 6 percent per annum.

(b) This subchapter shall not apply to any person lawfully engaged in business as permitted by the laws of this territory or of the United States relative to banks, trust companies, insurance companies, savings or building and loan associations, credit unions or pawnbrokers or to loans made by them, nor shall this subchapter apply to any person engaged solely in the business of making loans for educational purposes or to the loans made by such persons.

(c) Any person not exempt under subsection (b) of this section, and the several members, officers, directors, agents and employees thereof who shall wilfully violate or participate in the violations of any provisions of subsection (a) of this section shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not more than $500. Any contract of loan in the making or collection of which any act shall have been done which violates subsection (a) of this section shall be void and the lender shall have no right to collect, receive or retain any principal, interest, or charges whatsoever.

The limit on small loans was increased from $1,500 to $2,500 on May 25, 1983, by Act No. 4811, which change is inapplicable to the loan at issue.

[5] § 183. Amount of loan and maximum charges

(a) A licensee may lend any sum of money, goods, or things of value not exceeding in amount or value $1,500, excluding charges, upon such security not forbidden by § 187 of this title as may be agreed upon, under a contract which permits the combined total of the principal and charges to be paid in substantially equal and consecutive monthly installments and may charge, contract for and receive charges not exceeding $16 per $100 per year on the part of the principal of the loan not exceeding $600 and $12 per $100 per year on the part of the principal of the loan exceeding $600 but not exceeding $1,500 and proportionately at those rates for a greater or lesser amount, within said limits, or over a longer or short-

Law because Island Finance issued credit life insurance to both defendants in contradiction of 9 V.I.C. § 191, which permits credit life insurance to be issued to only *one* borrower or obligor on any given transaction. Accordingly, pursuant to 9 V.I.C. § 183(g), Island Finance has "no right to collect or receive any principal, charges or recompense whatsoever" from the defendant Dowe for the loan in question. See General Electric Corporation of St. Croix v. Charles, 10 V.I. 142 (Terr Ct. 1973).

## B.

The interest charge on the loan is conceded to be in excess of 12 percent. By its terms, therefore, the loan violates the 12 percent limit of the Virgin Islands Usury Law. 11 V.I.C. § 951 et seq. (1983 Supp.).[6] Consequently, if the Usury Law is applicable to Island

---

er term of loan. Such charges shall be computed when the loan is made on the principal of the loan for the full term of the loan contract and shall be added to the principal of the loan and the resulting sum shall be the face amount of the note. Every payment may be applied to the combined total of principal and charges until the contract is fully paid. If the contract is prepaid in full by cash, a new loan or otherwise before the final installment date the unearned portion of the charge shall be rebated. In computing any such rebate the charges applicable to a monthly period which has not fully elapsed shall not be deemed to be earned unless more than one-half of said period has elapsed on the date of prepayment in full. The portion of the charges applicable to any particular month of the contract shall be that proportion of the charges which the balance of the contract scheduled to be outstanding during such month bears to the sum of all monthly balances originally scheduled by the contract. Upon request, the lender shall deliver to the borrower a copy of the formula used in rebating charges.

As pointed out, n. 4 supra, the limit on small loans was increased to $2,500 by Act 4811. The permitted charges also were increased, but those charges also are not applicable to this transaction, which preceded passage of Act No. 4811.

Pursuant to § 183 as it read in 1978, there can be an annual interest charge of $204, or $96 ($16 x 6) for the first $600 plus $108 ($12 x 9) for the remaining $900. Consequently, the $408 charged over two years was permitted under the act.

[6] § 951. Legal rate of interest

(a) The rate of interest shall be nine (9%) per centum per annum on—

(1) all monies which have become due;

(2) money received to the use of another and retained beyond a reasonable time without the owner's consent, either express or implied;

(3) money due upon the settlement of matured accounts from the day the balance is ascertained; and

(4) money due or to become due where there is a contract and no rate is specified.

(b) Interest at a rate not exceeding 12 per centum per annum may be charged on contracts by express agreement of the parties . . . .

§ 952. Usury

No person shall, directly or indirectly, receive in money, goods, or things in action, or in any other manner, any greater sum or value for the loan or use of

Finance, Mr. Dowe also would be allowed to recover double the amount of the interest received or collected under the Usury Law. 11 V.I.C. § 953. Under the Usury Law, since the rate of interest is greater than is authorized, a forfeiture of the entire interest on the debt also is required. 11 V.I.C. § 954.

■ The question remains, though, as to whether the Usury Law also applies here. Although the language of the Usury Law literally applies to the loan in question, the Small Loan Law was enacted after the Usury Law and expresses an intent on the part of the Legislature to apply to finance companies to the exclusion of commercial banking institutions. See F.D.I.C. v. Walcott, supra.

■ The rules of statutory construction dictate:

Where one statute deals with a subject in general terms and another deals with a part of the same subject in a more detailed way, the two should be harmonized if possible, but if there is any conflict, the latter will prevail, regardless of whether it was passed prior to the general statute.

Sutherland on Statutory Construction, § 51.05 (1973). In Pereira v. New England LNG Co., Inc., 301 N.E.2d 441 (Mass. 1973), the court interpreted several statutes which regulated the gas industry and concluded that "if a general statute and a specific statute cannot be reconciled, the general statute must yield to the specific statute."

A reading of the small loan and the usury laws causes this court to believe that both statutes are not applicable to this case. First, it is clear, as indicated from the earlier discussion, that by violating the Small Loan Law the plaintiff Island Finance is not entitled to recover or collect any "principal, charges or recompense whatsoever." Thus, not only is there a forfeiture of principal, but there is a forfeiture of interest. Under the Usury Law, though, a usurious loan works a forfeiture of the entire interest on the debt, 11 V.I.C. § 954, but not of the principal *and* interest. Moreover, under 11 V.I.C. § 953 a person is allowed to recover double the amount of the interest received or collected. It is this court's opinion that if the Legislature intended that a violation of the Usury Law was to result in not only a forfeiture of principal and interest, but also a penalty, it would have said so.

___

money, or upon contract founded upon any bargain, sale or loan of wares, merchandise, goods, chattel, lands and tenements, than prescribed in this chapter.

Act No. 4139 adopted June 30, 1978, amended 11 V.I.C. § 951(b) and authorized an annual interest rate of 12 percent per annum and was the rate applicable at the time the loan at issue was contracted.

■ Accordingly, applying the rules of statutory construction, the court concludes that the more general language of the Usury Law contained in 11 V.I.C. § 951 et seq. must yield to the more specific language of the Small Loan Law, which has been found to be inapplicable to banks, but applicable to finance companies.

## III.

The loan in question also is in violation of the Federal Truth-in-Lending Act, 15 U.S.C. § 1601 et seq. (1970), specifically, 15 U.S.C. § 1638(a)(7), for failing to disclose the finance charge expressed as an annual percentage rate. Failure to comply with this requirement, pursuant to 15 U.S.C. § 1640(a)(2)(A)(i), results in the imposition of a penalty of "twice the amount of any finance charge in connection with the transaction."

■ Even a technical violation of the Truth-in-Lending Act requires the imposition of the statutory penalty. Grant v. Imperial Motors, 539 F.2d 506 (5th Cir. 1976); O'Neil v. Four States Builders and Remodelers, Inc., 484 F.Supp. 18 (E.D. Pa. 1979). The fact that no interest has been paid by either the maker Frett or by the co-maker Dowe also is irrelevant in assessing damages under this Act. Willis v. American National Stores, 350 F.Supp. 173 (N.D. Ga. 1972). Furthermore, the Truth-in-Lending Act is to be liberally construed in the consumer's favor. Bookhart v. Mid-Penn Consumer Discount Co., 559 F.Supp. 208 (E.D. Pa. 1983). Finally, the plaintiff does not contend that the Truth-in-Lending Act is inapplicable to this transaction. Consequently, the penalty provisions of the Truth-in-Lending Act, a federal law that cannot be overridden by local legislation, also must be applied. The interest being $408.00, this results in the imposition of a penalty of $816.00.

## IV.

■■ Legal Services of the Virgin Islands has submitted an affidavit and has applied for attorney's fees at a billing rate of $75 per hour for a total of $750. Under the Federal Truth-in-Lending Act, 15 U.S.C. § 1640(a)(3), a prevailing party is entitled to costs of the action "together with a reasonable attorney's fee." In addition, it has been held in this jurisdiction that a court may award attorney's fees, when appropriate, "to indemnify a prevailing party, even where that party has incurred no fees as a result of representation by a public interest law firm such as the Legal Services Corporation." Walter Fedderson Construction, Inc. v. Miller, 17 V.I. 134, 137

(Terr. Ct. 1980). The Third Circuit in Rodriquez v. Taylor, 569 F.2d 1221 (3d Cir. 1977), also has held that awards of attorney's fees are available to publicly funded legal service organizations.

■■ The court in exercising its discretion in determining what constitutes a reasonable award must take into account the extent to which the prevailing party succeeded on the merits. Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Inmates of the Allegheny County Jail v. Robert Pierce, 716 F.2d 177 (3d Cir. 1983). When making a just award of attorney's fees, the court also must consider the actual amount of time spent, the complexity of the issues, and the quality of the legal work. Estien v. Christian, 11 V.I. 464, 507 F.2d 61 (3d Cir. 1975). Based upon the facts set forth above, the court in its discretion will award Legal Services attorney's fees in the amount of $400.00.

V.

In conclusion, the court finds that the Small Loan Law and the Federal Truth-in-Lending Act apply to the loan in question, and that the Usury Law is inapplicable. As a result, since credit life insurance was charged to both defendants in violation of the Small Loan Law, Island Finance is entitled to recover nothing on the loan. For Island Finance's failure to disclose the finance charge as an annual percentage rate, as required by the Federal Truth-in-Lending Act, it also is subject to a penalty of twice the amount of the finance charge or $816.00. Finally, under local, as well as federal law, Legal Services will be awarded $400.00 in attorney's fees.