## ITT FINANCIAL CORPORATION, d/b/a ISLAND FINANCE OF THE VIRGIN ISLANDS, Plaintiff

v.

## RANDALL JOHNS, Defendant

Civil No. 60/1987

Territorial Court of the Virgin Islands

Div. of St. Croix

May 27, 1988

FRANCIS J. D'ERAMO, ESQ. (NICHOLS, NEWMAN & SILVERLIGHT), St. Croix, V.I., *for plaintiff*

EDWARD H. JACOBS, ESQ. (JACOBS & BRADY), St. Croix, V.I.

FINCH, *Judge*

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on a motion for summary judgment filed by defendant, Randall Johns. The motion raises one main issue, i.e., whether interest charged on a small loan to defendant was unconscionable or violative of the Virgin Islands Small Loans Law? For the foregoing reasons, this Court holds that the interest charged was neither unconscionable nor usurious. Accordingly, the motion will be denied.

### II. FACTS

On September 12, 1986, defendant Johns entered into an agreement with plaintiff, Island Finance of the Virgin Islands to borrow $2,500.00 for a term of 24 months. The finance charge on the loan was $740.00. (See Defendant's Exhibit—Federal Disclosure Statement.) Johns failed to make the required monthly repayments. Consequently, Island Finance instituted the instant action for debt.

### III. DISCUSSION

Johns contends that summary judgment is warranted because: 1) the interest rate charged on his loan was 26.25% and is thus unconscionable; and 2) the interest rate exceeds the limits set by the Virgin Islands Small Loans Law. As will be seen, each argument stands upon a fallacious premise and therefore will crumble.

The Virgin Islands Small Loans Law, 9 V.I.C. § 181 et seq., was enacted to control companies such as Island Finance. FDIC v. Walcott, 14 V.I. 504, 511 (Terr. Ct. St. C. 1978). Section 182(a) prohibits any person, without a license, from exacting charges, on

small loans, which exceed those otherwise authorized by law.[1] 9 V.I.C. § 182(a). This Court will not attempt to decipher the phrase "otherwise authorized by law," because it finds that § 182(a) is inapplicable to Island Finance. This is so because Island Finance is licensed to make loans pursuant to the Virgin Islands Small Loans Law. See Defendant's Exhibit—Federal Disclosure Statement. Thus, the relevant section is 9 V.I.C. § 183 which outlines the rates which licensees may charge on small loans.

Section 183(a) permits charges of 16% on the first $1,000 of a small loan, and 14% on the excess.[2] In this case, Johns borrowed $2,500. A simple calculation reveals that the maximum annual charge authorized by § 183(a) on such a loan is $370 (i.e., .16 x 1,000 + .14 x 1,500). Johns was assessed a finance charge of $740 for a two-year period. Consequently, this Court concludes that the charges on the loan were in accord with the Small Loans Law. Johns nevertheless maintains that he was charged an annual interest rate of 26.25%. This rate is as it appears on the Federal Disclosure Statement. However, it is delineated on the Disclosure Statement as an "annual percentage rate" (APR). The APR is a complex concept which differs markedly from what is generally understood to be annual interest. The existence of an APR of 26.25% on the Federal Disclosure Statement bothers this Court not. It does not affect the Court's analysis. The fact of the matter is that the charges assessed, i.e. $740, fit squarely within the rates outlined in § 183(a). Accordingly, the rate charged is neither unconscionable nor usurious. The motion, being legally untenable, will be promptly denied.

### ORDER

Based upon the memorandum opinion filed on even date herewith, it is hereby

---

[1] That section in its entirety, reads as follows: "No person shall, without first obtaining a license from the Banking Board as hereinafter provided, engage in the business of making loans in amounts of $2,500 or less and contract for, exact or receive, directly or indirectly, in connection with any such loan any charges, whether for interest, compensation, brokerage, endorsement fees, consideration, expenses or otherwise which in the aggregate are greater than otherwise authorized by law." 9 V.I.C. § 182(a).

[2] Section 183(a), as of 9/12/86, in pertinent part reads: ". . . and licensees may charge, contract for and receive charges not exceeding $16 per $100 per year on the part of the principal of the loan not exceeding $1,000 and $14 per $100 per year on the part of the principal of the loan exceeding $1,000 but not exceeding $2,500 . . . ."

ORDERED that defendant's motion for summary judgment shall be and is hereby DENIED.