**ITT FINANCIAL CORPORATION d/b/a ISLAND FINANCE OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**RANDALL JOHNS, Defendant**

Civil No. 60/87

Territorial Court of the Virgin Islands

Div. of St. Croix

February 6, 1992

FRANCIS J. D'ERAMO, ESQ. (NICHOLS, NEWMAN & SILVERLIGHT), Christiansted, St. Croix, V.I., *for plaintiff*

EDWARD HASKINS JACOBS, ESQ. (JACOBS & BRADY), Christiansted, St. Croix, V.I., *for defendant*

ELTMAN, *Judge*

51

## MEMORANDUM OPINION

This case is before the court on the plaintiff's motion for summary judgment on the defendant's counterclaim. The motion will be granted.

## FACTS

On January 23, 1987, the plaintiff Island Finance of the Virgin Islands brought this action for debt against the defendant Randall Johns, an attorney, in the amount of $3,240.00. The defendant counterclaimed, alleging that the interest rate on the personal loan violated the V.I. Small Loans Law, 9 V.I.C. § 181 et seq., and that the plaintiff falsely induced the defendant to take out the loan. The defendant's motion for summary judgment was denied. The court held that the interest charged on the loan was neither unconscionable or usurious and that the charges on the loan complied with the V.I. Small Loans Law 9 V.I.C. 181 et. seq.

The plaintiff's motion for summary judgment revolves around credit insurance provided to the defendant in the loan transactions. The defendant signed two credit insurance forms. One disclosure statement was dated December 11, 1985 and listed an insurance premium of $38.95 for 18 months coverage. The other disclosure statement, which was dated September 12, 1986, listed an insurance premium of $55.08 for 24 months. In his amended counterclaim, Johns contends that Island Finance required him to purchase credit insurance as a condition to getting the loans, that the insurance charges exceeded the maximum limit set by the V.I. Small Loans Law, that the insurance premiums were unconscionable, and that Island Finance gained illegal profits from the insurance provision. The defendant also contends that Island Finance is not a licensed insurance agent in the Virgin Islands and that the solicitation of credit and disability insurance business is in violation of local laws. The plaintiff argues that the premiums for credit insurance were neither usurious or unconscionable.

## DISCUSSION

■ The V.I. Small Loans Law, 9 V.I.C. § 181 et seq., regulates small loans and applies to finance companies. Island Finance v. Frett, 21 V.I. 161 (1984). Tit. 9 V.I.C. § 182 provides that only those corporations licensed by the Banking Board may make loans in amounts of $5,000 or less and charge fees, interest, expenses, or

52

otherwise that in the aggregate are greater than that authorized by law. As Island Finance is licensed by the Banking Board and the value of the loans is $3,240, the Small Loans law applies. 9 V.I.C. § 191(a) allows a licensee to issue credit life insurance and credit health insurance with a loan pursuant to the Virgin Islands Insurance Law 22 V.I.C. § 1, et seq. ITT Lyndon Life Insurance Company is authorized to issue to creditors such as Island Finance credit life and disability insurance policies. Island Finance is insured by ITT Lyndon Life Insurance Company against the death, unemployment or incapacity of an insured debtor. The policy pays a monthly disability benefit to the creditor toward the debtor's unpaid loan balance. Thus, Island Finance is an insured under a group policy and not an agent.

 Under 9 V.I.C. § 191(a), the cost of credit insurance is not a violation of any provision of the V.I. Small Loans Law. Sec. 182 read in conjunction with § 191(a) allows Island Finance to issue credit insurance with a loan transaction and to separate it from the legal rate of interest.

The Truth-in-Lending Act requires the cost of credit insurance to be disclosed as part of the finance charge. 15 U.S.C. § 1605(b). The creditor which requires credit insurance must furnish the debtor with a written disclosure of the cost. 15 U.S.C. § 1605. Additionally, the debtor must give "specific affirmative written indication" of the desire and intent to purchase credit insurance. See generally, Krajci v. Provident Consumer Discount Co., 525 F. Supp. 145 (E.D. Pa. 1981). The insurance provided must be a good and valuable consideration beyond the use of money and not a mere device to cover usury. Franco v. Bank of Forest Park, 165 S.E.2d. 593 (Ga. 1968).

Courts have considered various factors in determining whether the insurance charge amounted to usury. 45 Am.Jur. 2d § 198 (2nd Ed. 1969). These factors include whether the lender retained as a commission any portion of the insurance payment (Cochran v. State, 119 So. 2d 339 (1960)), whether the borrower had the option to select an insurance company (State v. Bankers Finance Corp., 26 A.2d 220 (1942)), whether the lender exacted premiums in excess of the usual rate (Nash v. State, 123 So. 2d 24 (1960)), whether the amount of insurance required was excessive, (Id.) and whether it was stipulated that the loan would be accelerated upon failure to pay any of the insurance premiums when due (47 C.J.S. Interest and Usury § 169 (1982)).

■ Here, Island Finance complied with the disclosure requirements of the Truth in Lending Act. 15 USC § 1605. The debtor was furnished with written disclosures of the cost of the insurance for both loans. These separate forms were clearly labeled "Insurance Election and Notice Forms". The insurance for both loans was optional. Upon signing the insurance forms the defendant had the right to unilaterally cancel the credit insurance within fifteen days of the agreement. The insurance forms clearly stated that the insurance provided was not necessarily either the cheapest or the best coverage. The defendant has not provided any evidence that either the premiums exacted or the amount of insurance required was excessive. The form noted that the insurance terminated upon the prepayment, renewal or refinancing of the loan. No commissions were paid directly or indirectly to Island Finance or to any of its employees by ITT Lyndon Life Insurance Company. The loan transactions were not oppressive. Accordingly, the cost of the credit insurance was a bona fide charge and not usurious.

■ The defendant claims that he was required to sign the insurance forms as a precondition to receiving the loan. A borrower may offer testimony "if a creditor does in fact misrepresent to a debtor that insurance is required, even if the written loan contract discloses that the purchase of insurance is optional." In re Milbourne, 108 B.R. 522 (E.D. Pa. 1989). The defendant has offered no such evidence. The defendant also claims that he was fraudulently induced to sign both forms, but he has not submitted any evidence in support of this claim. "A literate plaintiff who presents no real evidence of fraud or duress may not complain as a factual matter that he did not want insurance". Kramer v. Marine Midland Bank, 559 F. Supp. 273 (S.D.N.Y. 1983). Attorneys are the original "literate" defendants. The plaintiff's motion for summary motion is granted.

## ORDER

In accordance with the memorandum opinion of this date, it is hereby

ORDERED that the defendant's motion for summary judgment on the defendant's counterclaim is granted.